UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:23-cv-02771 (UNA) |
| BARBARA J. BAZRON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff initiated this matter on September 21, 2024, by filing a *pro se* complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. On December 12, 2023, upon review, the court denied plaintiff's IFP application without prejudice because it contained insufficient information regarding plaintiff's current financial circumstances. *See* Order, ECF No. 4. The court ordered to plaintiff to, within 30 days, either pay the $402 filing fee in full or, alternatively, file an amended IFP application. *See id.* at 2.

Plaintiff has since complied with that order by filing an amended IFP application, ECF No. 5, containing information sufficient to apprise the court of her current financial circumstances. The court grants plaintiff's amended IFP application and now preliminarily reviews her *pro se* complaint ("Compl."), ECF No. 1. For the reasons explained below, the complaint will be dismissed without prejudice.

Plaintiff, a resident of the District of Columbia, sues Barbra J. Bazron, the Director of the D.C. Department of Public Health. *See* Compl. at 1. The complaint is not a model of clarity. Plaintiff broadly alleges, on behalf of herself and others, that unnamed individuals, presumably affiliated with defendant, engaged in a wide-spread conspiracy to violate their rights and steal their

money.  *See id.*  She also alleges that these unnamed wrongdoers forged her signature on a lease, among other documents.  *See id*.  She demands $10 billion in damages and asks the court to order a "federal investigation" into her claims.  *Id.*

First, the complaint fails to comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The Rule 8 standard ensures that defendants receive fair notice of the claims being asserted so that they can prepare a responsive answer and an adequate defense.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not fulfill the requirements of Rule 8.  *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (cleaned up), *aff'd sub nom*. *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up).  The instant complaint falls squarely within this category.

Indeed, a complaint's "allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  And federal jurisdiction "must

affirmatively appear clearly and distinctly" from the allegations set forth. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Here, although plaintiff mentions, in passing, her "constitutional rights," *see* Compl. at 1, "the mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson*, 576 F.3d at 522.

Furthermore, even if plaintiff had stated an intelligible claim, she may not initiate criminal proceedings by filing a complaint with this court because it has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *see also Cox v. Sec'y of Lab.*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether to prosecute, and for what offense, rests with the prosecution. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Nor may plaintiff compel an investigation by any law enforcement agency by filing a civil complaint. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 15, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge